559 So.2d 381 (1990)
Anna SKETO, Appellant,
v.
Patricia S. BROWN, Appellee.
No. 89-2116.
District Court of Appeal of Florida, First District.
April 9, 1990.
Lynn Alan Thompson and Linda A. Bailey, Tallahassee, for appellant.
Laura Beth Faragasso of Henry, Buchanan, Mick & English, P.A., Tallahassee, for appellee.
ZEHMER, Judge.
Anna Sketo appeals an amended final order granting Patricia Brown grandparental visitation rights with Mrs. Sketo's two *382 children pursuant to section 752.01, Florida Statutes (1987). She argues that the statute is unconstitutional, both facially and as applied, because it violates her right to privacy protected by the state and federal constitutions. Mrs. Sketo further argues that, even if section 752.01 is constitutional, the order must be reversed because the evidence is insufficient to support the trial court's finding that the visitation ordered would be in the minor children's best interest. We conclude that the statute is not facially unconstitutional, but reverse the order as an abuse of discretion upon the finding that it is too extensive and unreasonable under the statute. For this reason, we find it unnecessary to decide whether the statute is unconstitutional as applied. See Singletary v. State, 322 So.2d 551 (Fla. 1975) ("settled principle of constitutional law that courts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds").
Section 752.01 authorizes the court to "award reasonable rights of visitation to the grandparent with respect to the child when it is in the best interest of the minor child" if, among other things, "[o]ne or both parents of the child are deceased." Appellant contends that the fourteenth amendment of the United States Constitution and the right of privacy amendment in Article I, section 23 of the Florida Constitution accord to her a right of privacy to raise her children "as she sees fit" free of interference from the state. Continuing, she argues that this right cannot be circumscribed by the state in the absence of a compelling state interest, and even then this compelling state interest must be exercised by the least restrictive means. She contends that the state has no compelling interest sufficient to require a parent to submit the children to compelled visitation with the children's grandparents over the parent's objection. She cites no case authority, federal or state, that has so construed and applied the cited constitutional provisions. Appellant argues by analogy, however, that Roberts v. United States Jaycees, 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984); Cary v. Population Services, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977); Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977); Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1963); Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1924); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); In re T.W., 551 So.2d 1186 (Fla. 1989); Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla. 1985); Harden v. Thomas, 329 So.2d 389 (Fla. 1st DCA 1976); and In re Guardianship of Barry, 445 So.2d 365 (Fla. 2d DCA 1984), support her contention that she has such a privacy right in respect to her children and that the subject statute is facially unconstitutional because it unreasonably interferes with that right.
We find nothing in those cases, however, that would preclude the state from passing a statute providing for reasonable visitation by a grandparent with the grandchildren upon the finding that such visitation is in the children's best interest. The state has a sufficiently compelling interest in the welfare of children that it can provide for the continuation of relations between children and their grandparents under reasonable terms and conditions so long as that is in the children's interest. Since that is all the challenged statute purports to do, it is not facially unconstitutional.
We now address the reasonableness of the order. In July 1987, Ben Sketo, Anna Sketo's husband and Patricia Brown's son, died. The Sketos had two children, Brian and Brittney, who were 3 years old and 14 months old, respectively, at the time of their father's death. Prior to Mr. Sketo's death, the family lived in California and Washington. After his death, Mrs. Sketo and her two children moved to Tallahassee, where both the maternal and paternal grandparents resided. Patricia Brown had minimal contact with the Sketo children while they were living on the west coast, primarily due to the physical distance *383 between them, and visited them only on rare occasions. She kept the children for a few days around the time of her son's death, however, and subsequently visited them in their new home in Tallahassee on a few occasions.
The relationship between Mrs. Sketo and Mrs. Brown progressively deteriorated, and Mrs. Brown was allowed only limited visitation with the children. Ultimately, in August 1988, Mrs. Brown filed a petition for grandparental visitation rights under the authority of section 752.01. After holding an evidentiary hearing on Mrs. Brown's petition, the lower court entered an order finding that visitation with Mrs. Brown would be in the minor children's best interest and providing, in pertinent part, that the
paternal grandmother shall have the right to access and communication with the minor children including but not limited to visitation unsupervised by the natural mother or her agent and overnight visits. If the parties cannot agree as to reasonable visitation time, it shall be ordered as follows:
A. Paternal grandmother shall have the right to exercise visitation with the minor children every other week from 6:00 P.M. on Friday to 6:00 P.M. on Saturday. It is the court's intention that this visitation every other week, by agreement of the parties, may be rescheduled to accommodate the natural mother's work schedule ...
Beginning on Wednesday, August 2, 1989, and every other Wednesday thereafter, the paternal grandmother shall have unsupervised visitation a [sic] place of her choice with the minor children from 6:00 P.M. to 8:00 P.M.
* * * * * *
B. In addition to the above visitation schedule, the paternal grandmother shall have visitation with the minor children for one day either before or after the following holidays and birthdays, to-wit: Easter, Thanksgiving, Christmas, and each child's birthday. The visitation shall be from 9:00 in the morning until 7:00 P.M. The parties may rearrange said visit to be mutually agreeable to party [sic]. The parties are to take into consideration out of town holiday travel and accommodate this time. If the parties cannot agree, the visitation shall be the day before each of the holidays and birthdays.
C. Beginning in 1990 and every year thereafter until the children's age of maturity, paternal grandmother shall have visitation with the party's minor children for one week in the summer in addition to the above schedule of visitation. If the parties cannot agree it will begin at 6:00 P.M. on July 1 and end at 6:00 P.M. on July 8.
During this period of time the mother shall have the right of communication with the minor children. The paternal grandmother shall have the right to take the children out of town during this vacation time. The paternal grandmother shall be responsible for transportation of the minor children for the visitation unless otherwise agreed to by the parties.
Anna Sketo contends the record does not contain any evidence to support the finding that visitation with their paternal grandmother would be in her children's best interest. We do not agree that the record is so lacking in evidence that it would be error to award any visitation rights to Brown; but we do conclude that the record does not establish it is in the children's best interest that the grandmother have the extensive visitation rights granted to Brown in the appealed order. We therefore hold that the trial court abused its discretion in this respect. We reverse and remand to the trial court to reconsider the extent of visitation granted to Brown and direct the court to set forth specific findings of fact to show why the visitation being ordered is in the children's best interest.
REVERSED and REMANDED.
ERVIN and ALLEN, JJ., concur.