ALLEN, Judge.
The appellant challenges an order of the trial court adjudicating his children dependent pursuant to Chapter 39, Florida Statutes, due to physical abuse by the appellant. We reject the appellant’s assertion that there was an insufficient evidentiary basis for the order, but we nevertheless reverse the order because the trial court improperly admitted hearsay testimony at the adjudicatory hearing.
Despite numerous hearsay objections by the appellant, the trial court permitted six separate witnesses to testify as to out-of-court statements by the appellant’s children regarding acts of abuse by the appellant. Although this testimony might otherwise have been admissible under the hearsay exception set out in section 90.803(23), Florida Statutes, the trial court failed to make specific findings of fact on the record indicating the basis for determining this testimony admissible, as required by section 90.803(23)(c). Accordingly, this testimony was not properly admitted. See Hopkins v. State, 632 So.2d 1372 (Fla.1994).
Having carefully reviewed the entire record in this case, we are unable to conclude that the improper admission of the hearsay testimony was merely harmless error. We therefore reverse the order of adjudication and remand for further proceedings.
BENTON, J., concurs.
BOOTH, J., dissents with written opinion.