HARRIS, Judge.
The parties were divorced in New York in 1990. The final judgment incorporated a property settlement agreement between the parties which defined the terms of emancipation of the children in so far as visitation and support would apply. The mother and the children moved to Florida.
Later, the father also moved to Florida and filed a petition to domesticate the New York decree and to modify it by reducing the amount of monthly support. The wife, through the Department of Revenue, defended the action and also sought substantial arrearages.
The court, without any pleadings to do so, reduced the amount of arrearages. This was error. See Department of Health & Rehabilitative Services on Behalf of Newhall v. Smith, 605 So.2d 1335 (Fla. 5th DCA 1992).
The court, also without a request from either party, modified the conditions that would result in emancipation of the children. This also was error. See generally, Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990).
We find the other contested rulings of the court to be within its Canakaris discretion and affirm.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
COBB and W. SHARP, JJ., concur.