699 So.2d 348 (1997)
Jere FITTS and Jane Fitts, Appellants,
v.
Anna POE, Appellee.
No. 97-415.
District Court of Appeal of Florida, Fifth District.
September 26, 1997.
Walter T. Rose, Jr., of Rose and Weller, Cocoa Beach, for appellants.
Michael K. Poe, Melbourne, for appellee.
PETERSON, Judge.
Jere Fitts, the natural father and Jane Fitts, his wife, the adoptive mother, appeal an order awarding visitation rights to Anna Poe, the natural maternal grandmother. Poe's daughter, the natural mother, died on August 1,1995. We reverse.
In Beagle v. Beagle, 678 So.2d 1271 (Fla. 1996), the supreme court found paragraph (1)(e) of section 752.01, Florida Statutes (1995), to impermissibly infringe on the right to parent a child free from governmental intervention, a right protected by Article I, Section 23 of the Florida Constitution. Subparagraph (1)(e) of the statute permitted visitation by a grandparent when it was in the best interest of the child, the minor lived with both of his natural parents, and at least one of those parents had prohibited a relationship between that minor child and the grandparent.[1] The subparagraph in issue in this case is section 752.01(1)(a), which permits visitation by a grandparent when it is in the best interest of the child and one or both of the child's parents are deceased.[2] We find paragraph (1)(a) of the statute is likewise unconstitutional because we are unable to discern any difference between the fundamental rights of privacy of a natural parent in an intact family and the fundamental *349 rights of privacy of a widowed parent. Beagle, see Ward v. Dibble, 683 So.2d 666, n. 2, (Fla. 5th DCA 1996). Accordingly, the trial court's order awarding visitation to Poe is reversed.
REVERSED.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] We note the court, in addressing the question of whether the state may impose grandparental visitation upon an intact family, suggested that the statute may have passed constitutional muster if, rather than the best interests standard, the statute had permitted court imposed visitation upon a finding of harm to the child if such visitation was withheld.
[2] While the father in the instant case has remarried and his wife has adopted the children in question, the grandparental rights in this case emanated from the father's widowhood. Cf. §§ 752.01 & 752.07, Fla. Stat. (1995).