PER CURIAM.
In this appeal and cross-appeal, both Eric A. Coberly (the former husband) and Karen Coberly (the former wife) challenge the lower court’s order which, among other things, grants primary residential custody to the former husband, supervised visitation to the former wife, and visitation to the maternal grandparents. The record is clear that the trial court established these visitation arrangements primarily to protect the parties’ minor child in view of the court’s finding that the former wife “more likely than not did act inappropriately in the presence of and with the minor child of the parties.” This finding was based primarily upon testimony of the child’s treating psychologist “that the minor child had expressed the fact that her mother [the former wife] ... had engaged in certain conduct which is highly inappropriate [including] ... inappropriate sexually related kissing, lifting up of dresses and looking a[sic] women’s underwear, tying the child up, and improper touching of the child’s genitalia.” The former wife has consistently and vigorously denied engaging in any such inappropriate actions and objected to the introduction of this hearsay testimony of the child on the grounds that the requirements of section 90.803(23), Florida Statutes (1995), had not been met. Because the trial court failed to make the necessary findings under section 90.803(23) relating to the reliability of the statements of the child, we reverse. See M.W. v. Department of Health and Rehabilitative Serv., 651 So.2d 754 (Fla. 1st DCA 1995); Weatherford v. State, 561 So.2d 629, 633 (Fla. 1st DCA 1990); Salter v. State, 500 So.2d 184, 185 (Fla. 1st DCA 1986).
In view of our holding here, we find it unnecessary to address the other issues raised on appeal. On remand, the trial court, upon the appropriate motion, may again consider the findings and determinations required by section 90.803(23) and, in its discretion, may take additional testimony and hear additional argument concerning the visitation issues, including issues relating to grandparent visitation. See Beagle v. Beagle, 678 So.2d 1271 (Fla.1996); Sketo v. Brown, 559 So.2d 381 (Fla. 1st DCA 1990); Von Eiff v. Azicri, 699 So.2d 772 (Fla. 3d DCA 1997); Fitts v. Poe, 699 So.2d 348 (Fla. 5th DCA 1997).
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.