706 So.2d 933 (1998)
Robert RUSSO, Appellant,
v.
Anthony PERSICO and Joanne Persico, Appellees.
No. 97-4216.
District Court of Appeal of Florida, Fourth District.
February 25, 1998.
*934 Stephen P. Lange of Lange and Lange, P.A., Fort Lauderdale, for appellant.
Leigh C. Katzman of Katzman & Korr, P.A., Margate, for appellees.
PER CURIAM.
Robert M. Russo appeals the final order granting visitation rights with his four-year-old daughter to appellees, her maternal grandparents, the parents of his deceased wife, based solely on the constitutionality of the applicable provision of the grandparent visitation statute, section 752.01(1)(a), Florida Statutes. We reverse.
As the supreme court found in Beagle v. Beagle, 678 So.2d 1271 (Fla.1996) (finding unconstitutional section 752.01(1)(e)), we conclude that this provision of the statute unconstitutionally infringes on a parent's fundamental right to raise children free of interference from the government, as protected by the privacy provision in the Florida Constitution, article 1, section 23, for failure to apply the compelling state interest standard. See Winfield v. Division of Pari-Mutuel Wagering, Dep't of Bus. Regulation, 477 So.2d 544, 548 (Fla.1985). The statute requires the trial court to award reasonable visitation rights merely upon a showing of "best interest" of the minor child, and does not require a showing of demonstrable harm prior to the imposition of forced grandparental visitation.[1]See Von Eiff v. Azicri, 699 So.2d 772, 780-84 (Fla. 3d DCA 1997) (Green, J., dissenting). We align ourselves on this question with the Fifth District, see Fitts v. Poe, 699 So.2d 348 (Fla. 5th DCA 1997), and certify conflict with the First and Third Districts, see Sketo v. Brown, 559 So.2d 381 (Fla. 1st DCA 1990); Von Eiff, 699 So.2d at 777.
We certify to the Florida Supreme Court the following question, narrowly tailored to the facts of the instant case:
MAY THE STATE CONSTITUTIONALLY REQUIRE REASONABLE GRANDPARENT VISITATION WHERE ONE OF THE PARENTS OF A CHILD IS DECEASED AND VISITATION IS DETERMINED TO BE IN THE BEST INTEREST OF THE CHILD?
STONE, C.J., and FARMER and GROSS, JJ., concur.
NOTES
[1] This court recently upheld the constitutionality of section 752.01(1)(d), which applies when a child is born out of wedlock. See Spence v. Stewart, 705 So.2d 996 (Fla. 4th DCA 1998). However, the situation presented in Spence is distinguishable because the parties to a paternity action have already placed their dispute before the court. See id. at 998 ("Because the parents have already abandoned their right of familial privacy by bringing their dispute before the court, the court's further consideration of whether grandparental visitation is in the best interest of the child is not violative of the right to privacy.").