PER CURIAM.
. The Department of Revenue, on behalf of Sandra Brinson, appeals an order “forgiving” Andrew Lee Evans of the child support arrears that accrued between April 26, 1985, the date the final judgment of paternity was entered, and March 27, 1996, the date Mr. Evans was released from incarceration. We reverse because Mr. Evans filed no pleading requesting this relief.
The Department filed a motion to show cause why Mr. Evans should not be held in contempt for failure to comply with his court-ordered obligations to pay support directly to the child and to reimburse the Department for payments it made to or on behalf of the child. On its own motion, the trial court found Mr. Evans not to be in willful contempt of his court-ordered child support obligations while he was incarcerated, and it extinguished the child support arrears that had accrued during that period.
We affirm the finding that Mr. Evans was not in willful contempt while he was incarcerated. We note that the trial court made Ho finding on whether Mr. Evans willfully failed to honor his child support obligation after he was released from incarceration. We reverse that part of the order extinguishing the vested child support arrears Mr. Evans owes because the trial court cannot modify this obligation absent a pleading and proof of compelling circumstances such as laches, es-toppel, waiver, or other equitable reasons. See Florida, Dep’t of Health & Rehabilitative Servs. v. Hinson, 651 So.2d 216 (Fla. 2d DCA 1995); State, Dep’t of Health & Rehabilitative Servs. v. Canady, 473 So.2d 273 (Fla. 2d DCA 1985). There is no such pleading or proof in this record.
Reversed and remanded for further .proceedings.
ALTENBERND, A.C.J., and QUINCE and WHATLEY, JJ., concur.