719 So.2d 918 (1998)
Cynthia Bellis OCASIO, Appellant,
v.
Wanda McGLOTHIN, Appellee.
No. 98-891.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Opinion Clarifying Decision October 28, 1998.
Cain & Snihur, Miami, and Mary L. Cain, for appellant.
Gary S. Gostel, Miami; Paul Fletcher, Coral Gables, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
The natural mother of a minor child appeals an order upholding the constitutionality of the grandparent visitation statute sections 752.01(1)(a) and (d), Florida Statutes (1995), pursuant to this court's decision in Von Eiff v. Azicri, 699 So.2d 772 (Fla. 3d DCA 1997), and awarding visitation rights to the natural paternal grandmother. We affirm in part and reverse in part.
In this court's Von Eiff decision, the majority found section 752.01(1)(a) to be facially constitutional and not violative of a parent's privacy rights because "the state has a compelling interest in protecting children after a parent has died by preserving grandparent visitation that is in the child's best interests." Id. at 773; see also Sketo v. Brown, 559 So.2d 381 (Fla. 1st DCA 1990). We, however, disagree with the Von Eiff majority opinion and believe that the grandparent statute, as presently written, is facially unconstitutional for the reasons expressed in the Von Eiff dissenting opinion. See id. at 778-87. Nevertheless, the doctrine of stare decisis compels us to adhere to the Von Eiff majority decision and affirm that part of the order finding section 752.01(1)(a) to be constitutional.[1] In so doing, we certify conflict with Russo v. Persico, 706 So.2d 933 (Fla. 4th DCA 1998), and Fitts v. Poe, 699 So.2d 348 (Fla. 5th DCA 1997).
Since the Von Eiff majority opinion, however, specifically limited its holding only to section (1)(a), we must now address the constitutionality of section (1)(d) which permits grandparental visitation when a "minor child *919 was born out of wedlock and not later determined to be a child born within wedlock[.]" § 752.01(1)(d), Fla. Stat.[2] For the reasons expressed in the Von Eiff dissent, which we adopt in toto, we find subsection (1)(d) to be facially unconstitutional and reverse that portion of the order granting visitation pursuant to this section. In so doing, we certify the following question as one of great public importance:
IS SECTION 752.01(1)(d), FLORIDA STATUTES (1995), FACIALLY UNCONSTITUTIONAL BECAUSE IT CONSTITUTES AN IMPERMISSIBLE STATE INTERFERENCE WITH PARENTAL RIGHTS PROTECTED BY EITHER ARTICLE I, SECTION 23, OF THE FLORIDA CONSTITUTION OR THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
Affirmed in part; reversed in part.

ON MOTION FOR CLARIFICATION
PER CURIAM.
On our sua sponte motion for clarification, we clarify our opinion filed July 29, 19989, in which we affirmed in part and reversed in part the lower court's order awarding grandparental visitation pursuant to section 752.01(1)(a) and (d), Florida Statutes(1995), respectively, We clarify our opinion to hold that although we find section 752.01(d) to be unconstitutional, we affirm that portion of the lower court's order granting visitation to the appellee/grandmother, pursuant to subsection (1)(a) of Florida Statute section 752.01 (1995) and Von Eiff v. Azicri, 699 So.2d 772 (Fla. 3d DCA 1997). Therefore, the grandmother shall be entitled to visitation rights.
NOTES
[1] As a practical matter, we do not sua sponte seek a rehearing en banc of Von Eiff because it is currently under consideration by the Florida Supreme Court.
[2] We note that, to date, the constitutionality of subsection (1)(d) has not been addressed by any other district court. See Spence v. Stewart, 705 So.2d 996, 998-99 (Fla. 4th DCA 1998)("The trial court passed on the issue of the constitutionality of section 752.01(1)(d) without considering that visitation could be granted under section 61.13(b)(2)(c), as applied to paternity actions."). In Russo, a different panel from the same court in dicta stated that the Spence panel had upheld the constitutionality of section 752.01(1)(d). Russo, 706 So.2d at 934 n. 1. We believe that the Russo panel misconstrued the holding in Spence and thus, the constitutionality of section (1)(d) has not been directly addressed.