PER CURIAM.
The former wife, Lourdes Cortina (“Cor-tina”) appeals from a final order reducing the amount of child support arrearages owed by the former husband, Luis Lorie (“Lorie”). She correctly argues that the trial court erred in reducing the amount of arrearages.
Child support obligations vest at the time payments are due. Puglia v. Puglia, 600 So.2d 484, 485 (Fla. 3d DCA 1992). Thus, accrued child support, or child support in arrears, become vested rights of the payee and vested obligations of the payor that are not subject to retroactive modifications. Id.; Prio v. Barouh, 834 So.2d 263, 265 (Fla. 3d DCA 2002); Waldman v. Waldman, 612 So.2d 703, 704 (Fla. 3d DCA 1993).
Despite the seemingly bright line rule against retroactive modification of child support arrearages, some cases contain a narrow exception to this rule, and permit modification with a proper pleading and proof of compelling circumstances. See, e.g., State, Dep’t of Revenue ex rel. Brinson v. Evans, 706 So.2d 933 (Fla. 2d DCA 1998) (reversing order cancelling child support arrearages accrued while ap-pellee was in prison and stating, “We reverse that part of the order extinguishing the vested child support arrears Mr. Evans owes because the trial court cannot modify this obligation absent a pleading and proof of compelling circumstances such as laches, estoppel, waiver, or other equitable reasons.”); Dep’t of Revenue ex rel. Johnston v. Whiting, 684 So.2d 281, 282 (Fla. 5th DCA 1996) (“The court, without any pleadings to do so, reduced the amount of arrearages. This was error.”); Dep’t of Health and Rehab. Servs. ex rel. Newhall v. Smith, 605 So.2d 1335, 1336 (Fla. 5th DCA 1992) (“We conclude that the trial court erred in modifying the support order because the father failed to file an appropriate pleading invoking the court’s subject matter jurisdiction .... nor did he file any pleading requesting an elimination of past due child support payments.”); State, Dep’t of Health and Rehab. Servs. ex rel. Davis v. Canady, 473 So.2d 273, 274 (Fla. 2d DCA 1985) (reversing order cancelling child support arrear-ages accrued while appellee was in prison, stating that proper pleading must precede judicial adjustment of child support arrears; absent compelling circumstances or valid defense, trial court lacks authority to *469 retroactively cancel or reduce past due child support payments); Manning v. Varges, 413 So.2d 116, (Fla. 2d DCA 1982) (“A decree adjudicating an issue not presented by the pleadings nor litigated by the parties during the hearing on the pleadings is, at least, voidable upon appeal.”).
In the instant case, Lorie filed an Answer and Affirmative Defenses in response to Cortina’s petition to set the amount of arrearages. He alleged three affirmative defenses related to the amount of arrearages: payment, inability to pay while in prison, and verbal modification of obligation to pay while in prison. The trial court’s reduction of arrearages cannot be upheld based on any of the grounds that Lorie raised below. He offered no evidence that he paid child support while in prison. He waived his inability to pay argument by not filing a motion to modify child support at the time of his incarceration. Puglia, 600 So.2d at 485 (“Although the father could have sought modification of the child support order in advance, he did not do so. Having failed to do so, it is too late to seek this remedy retroactively.”).[1] And, the trial court rejected his verbal modification argument.[2]
Rather, the trial court’s stated reason for reducing the arrearages was that the parties’ grown children were unlikely to benefit from repayment of the child support owed while in prison; only Cortina would benefit. That ground was neither pled, argued nor supported by any evidence. Put simply, even if Lorie’s child support obligation could be retroactively modified for the reason stated by the trial court, see Jackson; Puglia, the stated basis for the modification was clearly beyond the scope of the pleadings or any matters tried by consent. See, e.g., Sabine v. Sabine, 834 So.2d 959 (Fla. 2d DCA 2003) (where former husband filed motion to terminate alimony and former wife filed motion to enforce alimony payments, trial court’s modification of alimony was not framed by the pleadings, noticed for hearing, or litigated by the parties, implicating due process concerns and failing to invoke the court’s jurisdiction).
Accordingly, we reverse the order on appeal and remand for entry of a final order that does not reduce Lorie’s child support arrearages.
REVERSED AND REMANDED.
ORFINGER, C.J., LAWSON and JACOBUS, JJ., concur.

. Even forward-looking modification of child support due to incarceration is far from automatic. See Dep’t of Revenue v. Jackson, 846 So.2d 486 (Fla.2003). In Jackson, while establishing a procedure and standards for seeking to modify child support while incarcerated, the supreme court also cautioned that "any accruals which vested prior to filing the petition to modify remain and clearly must be paid in full.” Id. at 492.

. Lorie raised a fourth affirmative defense of laches at the hearing, but failed to prove this orally asserted defense as well. With respect to the verbal modification defense, Lorie does not challenge the trial court’s findings rejecting that defense on appeal.