NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JACQUELINE MORRIS-PIARD,               )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D13-5661
                                       )
EGIDE PIARD,                           )
                                       )
          Appellee.                    )
                                       )
_____)

Opinion filed November 18, 2015.

Appeal from the Circuit Court for Lee
County; R. Thomas Corbin, Judge.

Stephanie M. Martin and Christina E.
Blood of Adams and Reese LLP, Tampa,
for Appellant.

No appearance for Appellee.


SLEET, Judge.

          Jacqueline Morris-Piard (the former wife) appeals the order granting her

petition for modification of her child support obligation and the order setting the amount

of her child support arrearage and awarding that amount to Egide Piard (the former

husband).  The former wife raises two issues on appeal; we write only to address her

argument that the circuit court erred in calculating the prejudgment interest award on

the support payments she owed between October and December 2011. We affirm the order on appeal in all other respects.

The former wife argues that the court improperly assessed a rate of 6% interest for the dependent Social Security Disability Insurance payments she owed between October and December 2011. The former wife correctly points out that Florida's Chief Financial Officer decreased the judgment interest rate from 6% to 4.75% pursuant to section 55.03, Florida Statutes (2011), effective on October 1, 2011. "Courts apply the statutory judgment interest rate from the date of loss or entitlement under section 55.03 for purposes of calculation of [prejudgment] interest." Genser v. Reef Condo. Ass'n, 100 So. 3d 760, 762 (Fla. 4th DCA 2012) (emphasis added). The former husband was not entitled to the support payments until they became due and owing on a monthly basis. See Cortina v. Lorie, 95 So. 3d 467, 468 (Fla. 5th DCA 2012) ("Child support obligations vest at the time payments are due."). Thus, the prejudgment interest applicable to the former wife's October through December 2011 payments was the 4.75% rate that went into effect on October 1, 2011. As such, the trial court erred in awarding 6% prejudgment interest on those payments. See Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1250-51 (Fla. 5th DCA 2012).

Accordingly we reverse only the trial court's calculation of the prejudgment interest award and remand for the trial court to enter a corrected total consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

SILBERMAN and LUCAS, JJ., Concur.