705 So.2d 996 (1998)
Daphne SPENCE, Appellant,
v.
Erica STEWART, Appellee.
No. 96-4162.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
*997 Arthur M. Wolff of Law Offices of Arthur M. Wolff, Fort Lauderdale, for appellant.
James O. Walker, III, Fort Lauderdale, for appellee.
WARNER, Judge.
A grandmother seeking to establish visitation rights with her out of wedlock grandson appeals the trial court's order declaring section 752.01(1)(d), Florida Statutes (1995), unconstitutional as violative of the right of privacy. Because we have long recognized a grandparent's right to request visitation in divorce and paternity proceedings, we reverse.
The appellee, the mother of the child in question, filed a paternity action against the father. The father answered, seeking an adjudication of the rights and duties of the parties. He also sought visitation rights for his mother, the appellant. The appellant also filed a motion to intervene, seeking visitation rights with the child. Her motion did not refer to any specific statutory section. After the rendition of Beagle v. Beagle, 678 So.2d 1271 (Fla.1996), which held that section 752.01(1)(e) was facially unconstitutional, the trial court sua sponte determined that section 752.01(1)(d) was likewise facially unconstitutional and denied the motion to intervene. Section 752.01(1) provides:
The court shall, upon petition filed by a grandparent of a minor child, award reasonable rights of visitation to the grandparent with respect to the child when it is in the best interest of the minor child if:
....
(d) The minor child was born out of wedlock and not later determined to be a child born within wedlock....
§ 752.01(1)(d)(emphasis added). This appeal arises from the order denying the motion to intervene.
Section 752.01(1)(e), the portion of the statute declared unconstitutional in Beagle, permitted a grandparent to petition for visitation in an intact familial situation where at least *998 one natural parent objected to the visitation. The supreme court determined that such forced visitation infringed on the privacy rights of the parents to raise their children. See Beagle, 678 So.2d at 1272. Absent a showing of demonstrable harm to the child from the absence of visitation, the state could not interfere in the parent/child relationship. The court specifically limited its holding to the "intact family" subparagraph of the grandparent visitation statute. See id. Moreover, the court stated:
We emphasize again that our holding in this case is not intended to change the law in other areas of family law where the best interest of the child is utilized to make a judicial determination. In issuing this decision, we have no intent to disrupt or modify the current requirements for best interest balancing in those other areas of family law proceedings.
Id. at 1277.
In this case, we deal with the right of a grandparent to request visitation in connection with a paternity action. The supreme court in Brown v. Bray, 300 So.2d 668, 670 (Fla.1974), determined that "a child in a [paternity] situation is similarly a ward of the court as in the case of a child in a dissolution of marriage situation." In Kochinsky v. Moore, 698 So.2d 397 (Fla. 4th DCA 1997), we interpreted Bray as placing a determination of custody in a paternity action on the same footing as a determination of custody in a dissolution of marriage case. We therefore applied the shared parental responsibility law to such determinations. See id. at 399; see also Race v. Sullivan, 612 So.2d 660 (Fla. 4th DCA 1993); Moore v. Trevino, 612 So.2d 604 (Fla. 4th DCA 1992). Thus, matters involving custody and visitation in paternity actions should be based on the best interest of the child, as they are in dissolution proceedings. See Privette v. State of Florida, Dep't of Health and Rehabilitative Servs., 585 So.2d 364 (Fla. 2d DCA 1991), approved, 617 So.2d 305 (Fla.1993); Benac v. Bree, 590 So.2d 536 (Fla. 2d DCA 1991).
Under section 61.13(2)(b)(2)(c), Florida Statutes (1995), a court may award grandparental visitation rights in a dissolution proceeding if the court deems that such visitation is in the child's best interest. In Wishart v. Bates, 531 So.2d 955 (Fla.1988), the supreme court approved grandparental visitation rights based upon the best interest of the child in a dissolution proceeding. We applied the statute to grandparental visitation rights in connection with a paternity action in Moore, 612 So.2d at 608, as the second district did in M.J. v. A.B., 694 So.2d 888 (Fla. 2d DCA 1997).
Familial privacy is grounded on the right of parents to raise their children without interference. See In re Guardianship of D.A. McW., 429 So.2d 699, 702 (Fla. 4th DCA 1983), approved, 460 So.2d 368 (Fla.1984). Where, however, the parents are not in agreement as to the best interest of their child and have taken that disagreement to a court to resolve, such as in dissolution or paternity cases, the court determines what is in the child's best interest. One parent does not have the absolute right to make child rearing decisions over the objection of the other parent unless a court has determined that the best interest of the child demands that sole responsibility for the child rests with that parent. That being the case, there is no right of privacy to protect the decisions of one parent as to child rearing decisions absent agreement by the other parent. With respect to grandparent visitation, the legislature has provided that grandparents may receive visitation privileges if that is in the best interest of the child. See § 61.13(2)(b)(2)(c). Because the parents have already abandoned their right of familial privacy by bringing their dispute before the court, the court's further consideration of whether grandparental visitation is in the best interest of the child is not violative of the right to privacy.
The trial court passed on the issue of the constitutionality of section 752.01(1)(d) without considering that visitation could be granted under section 61.13(2)(b)(2)(c), as applied to paternity actions. See Kochinsky, 698 So.2d at 397; Race, 612 So.2d at 660; Moore, 612 So.2d at 604. "Florida courts must avoid passing on the constitutionality of a statute if it is possible to resolve the case on other grounds." Buckhalt v. McGhee, 632 So.2d 120, 121 (Fla. 1st DCA 1994) (citations omitted); *999 see also State v. Efthimiadis, 690 So.2d 1320 (Fla. 4th DCA 1997); In re Forfeiture of One Cessna 337H Aircraft, 475 So.2d 1269 (Fla. 4th DCA), dismissed, 480 So.2d 1293 (Fla.1985). For this reason, we reverse and remand this case for further proceedings.
DELL, J., and PARIENTE, BARBARA J., Associate Judge, concur.