753 So.2d 26 (2000)
Diane SAUL and David Saul, Appellants,
v.
Dominik BRUNETTI, Appellee.
No. SC94843.
Supreme Court of Florida.
January 27, 2000.
Rehearing Denied March 21, 2000.
*27 Jeanne C. Brady and Frank R. Brady of Brady & Brady, P.A., Boca Raton, Florida, and Steven M. Pesso, Boca Raton, Florida, for Appellants.
Bennett S. Cohn, Tesuque, New Mexico, for Appellee.
PER CURIAM.
We have on appeal Brunetti v. Saul, 724 So.2d 142 (Fla. 4th DCA 1998), in which the Fourth District declared section 752.01(1)(d), Florida Statutes (1995), of the grandparent visitation statute unconstitutional. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We affirm.
Appellee, Dominick Brunetti (father), and Beth Saul (mother), had an out-of-wedlock child named Tyler. After Tyler's birth in October 1994, the mother and child lived with the mother's parents, appellants David and Diane Saul (maternal grandparents). The father, however, continued to reside with his own parents (paternal grandparents). Approximately eight months after Tyler's birth, a paternity action was brought against the father.[1] Having been ordered by the court to pay child support, the father "paid the child support, including arrearages from birth, and has been actively involved in the child's life." Brunetti, 724 So.2d at 142.
Tragically, the mother was killed in a car accident nearly two years after giving birth to the child. After the mother's death, the father informed the maternal grandparents that he wanted to take the child to live with him. Unfortunately, not long after the child moved in with his father and paternal grandparents, a dispute arose between the father and the maternal grandparents regarding visitation. The maternal grandparents filed suit seeking visitation pursuant to section 752.01.
Despite the objection of the father, the court awarded the maternal grandparents temporary weekly Saturday visits, with the third week of each month being an overnight visit. In this case, the trial court granted the maternal grandparents visitation based solely on a best interest analysis. There was no claim nor any indication in the record that any demonstrable harm would result to the child from the denial of visitation. Both parties agreed that the child was "beautiful, bright, active, happy and well adjusted." According to the trial court, "the uncontroverted evidence established that this child has the unconditional love of Petitioners, Respondent and the paternal grandparents. It is clearly in the child's best interest to continue to be the recipient of that unconditional love."
The grandparents did not specify under which subsection of the statute they were seeking visitation. However, as observed by the Fourth District, both subsection (1)(a) and subsection (1)(d) are applicable *28 in this case. See Brunetti, 724 So.2d at 143. The pertinent subsections of the grandparent visitation statute provide:
(1) The court shall, upon petition filed by a grandparent of a minor child, award reasonable rights of visitation to the grandparent with respect to the child when it is in the best interest of the minor child if:
(a) One or both parents of the child are deceased;
. . . .
(d) The minor child was born out of wedlock and not later determined to be a child born within wedlock as provided in s. 742.091.
§ 752.01.
In Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998), this Court held section 752.01(1)(a) of the statute unconstitutional as a violation of Florida's constitutional right of privacy. In this case, the Fourth District relied on our decision in Von Eiff and our prior decision in Beagle v. Beagle, 678 So.2d 1271 (Fla.1996), which held section 752.01(1)(e) unconstitutional.[2]
Similar to the maternal grandparents in this case, the grandparents in Von Eiff contended that they had played an active role in the first two years of the child's life, but that soon after the biological mother died they were denied unsupervised visitation with their grandchild. 720 So.2d at 512. While expressing sympathy for the grandparents' predicament in Von Eiff, this Court found that the biological and adoptive parents possessed a constitutional right of privacy in their decision to limit the grandparents' visitation with their child, stating:
We recognize that it must hurt deeply for the grandparents to have lost a daughter and then be denied time alone with their granddaughter. We are not insensitive to their plight. However, familial privacy is grounded on the right of parents to rear their children without unwarranted governmental interference.
See id. at 516.
The Court in Von Eiff found no difference between the rights of privacy of a natural parent in an "intact family" such as the family in Beagle and the rights of a widowed parent such as the parent in Von Eiff. See Von Eiff, 720 So.2d at 515 ("[W]e are unable to discern any difference between the fundamental rights of privacy of a natural parent in an intact family and the fundamental rights of privacy of a widowed parent.").
Appellants argue that Beagle and Von Eiff are both distinguishable because the parents in those cases had once been married, while the present case involves an out-of-wedlock child whose primary caretakers were his biological mother and maternal grandparents. However, as the Fourth District reasoned in Brunetti: "If the father of a child born into a marriage has a right of privacy where the biological mother is deceased, which was the holding in Von Eiff, it follows that the father of an out-of-wedlock child has the same right of privacy." 724 So.2d at 143; see also Beagle, 678 So.2d at 1274.
We agree with the Fourth District that for the purposes of analyzing the constitutionality of subsection (d), the fact that the parents of the child in Brunetti were never married should not change this Court's analysis of the constitutionality of this statute. Section 752.01(1)(d) suffers from the *29 same constitutional infirmity as subsection (a) in Von Eiff. Therefore, based on our reasoning in Beagle and Von Eiff, we affirm the decision of the Fourth District finding section 752.01(1)(d) unconstitutional.[3]
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The record reveals that the paternity action was in fact a support action brought by the Department of Revenue.
[2] Section 752.01(1)(e), Florida Statutes (1995) provides:

(1) The court shall, upon petition filed by a grandparent of a minor child, award reasonable rights of visitation to the grandparent with respect to the child when it is in the best interest of the minor child if:
. . . .
(e) The minor is living with both natural parents who are still married to each other whether or not there is a broken relationship between either or both parents of the minor child and the grandparents, and either or both parents have used their parental authority to prohibit a relationship between the minor child and the grandparents.
[3] The Fourth District's opinion distinguished Spence v. Stewart, 705 So.2d 996 (Fla. 4th DCA 1998), and Moore v. Trevino, 612 So.2d 604 (Fla. 4th DCA 1992), which interpreted the applicability of subsection 61.13(2)(b)2.c, Florida Statutes (1995), based on the fact that there was no pending paternity action in this case. We decline to address the applicability of that statute, which was neither pled nor relied on by appellants in the trial court. We further decline to address the viability of the decisions addressing that subsection.