776 So.2d 1105 (2001)
Bonnie BELAIR, Petitioner,
v.
Mary Francis DREW, Respondent.
No. 5D99-1265.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
Kenneth E. Rhoden of Mario, Moreau, Gunde, Helm & Rhoden, Cocoa, for Petitioner
No appearance for Respondent.

ON REMAND FROM THE SUPREME COURT
ORFINGER, R.B., J.
Petitioner, Bonnie Belair, and Jarret Clark were divorced in 1997. Belair was granted sole parental responsibility of the couple's minor child. Clark was granted limited visitation once he completed a court ordered parenting class. Subsequently, Respondent, Mary Francis Drew, the paternal grandmother of the minor child, petitioned the court for visitation pursuant to section 752.01(1)(b), Florida Statutes (1997),[1] a statute granting grandparents reasonable visitation rights in certain circumstances. In February 1999, Belair asked the trial court to declare the statute unconstitutional because it violated her right to privacy.[2] The trial court declined to rule on the constitutional challenge and granted Drew temporary visitation over Belair's objection, apparently keeping in place certain visitation arrangements that had been agreed upon in a mediation agreement.
Belair then petitioned this court for a writ of certiorari, arguing that the trial court's failure to rule on the constitutionality of the grandparent visitation statute violated her right to privacy. This court concluded that certiorari review was inappropriate *1106 in such circumstances but certified the matter to the Florida Supreme Court for resolution, recognizing authority to the contrary. See Belair v. Drew, 734 So.2d 1190 (Fla. 5th DCA 1999) (certifying conflict with Williams v. Spears, 719 So.2d 1236 (Fla. 1st DCA 1998)). The Florida Supreme Court concluded that certiorari review was appropriate and remanded the matter for further proceedings. Belair v. Drew, 770 So.2d 1164 (Fla.2000). In doing so, the Florida Supreme Court concluded that the trial court's ruling granting temporary visitation to the grandmother "contravenes the [mother's] right to privacy and decision making in rearing her child." Id. at 1167.
A history of the Florida grandparental visitation statute can be found in Beagle v. Beagle, 678 So.2d 1271 (Fla.1996).[3] The Beagle court held that section 752.01(1)(e) was facially unconstitutional, explaining that the state "may not intrude upon the parents' fundamental right to raise their children except in cases where the child is threatened with harm." Id. at 1276.
The Florida Supreme Court extended the Beagle reasoning to hold section 752.01(1)(a) unconstitutional in Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998). In Von Eiff, the Florida Supreme Court held that privacy is a fundamental right and any statute that infringes on that right is subject to the "compelling state interest" test, the highest standard of review. Id. at 514. It concluded that section 752.01(1)(a) failed that test because the circuit court must order visitation based on the "best interest" of the child, "without first requiring proof of demonstrable harm to the child." Id. at 514.
Subsequent to Von Eiff, the Second District Court of Appeal in Lonon v. Ferrell, 739 So.2d 650 (Fla. 2d DCA 1999), considered the constitutionality of section 752.01(1)(b), the section at issue in this case, and concluded that it was facially unconstitutional for the same reasons that the Von Eiff and Beagle courts held sections 752.01(1)(a) and (e), respectively, unconstitutional. We agree with the Lonon court that a divorced natural parent should have no lesser privacy rights than a married or widowed natural parent.
As did the Florida Supreme Court in Beagle, we emphasize that:
[O]ur determination today is not a comment on the desirability of interaction between grandparents and their grandchildren. We focus exclusively on whether it is proper for the government, in the absence of a demonstrated harm to the child, to force such interaction against the express wishes of at least one parent....
678 So.2d at 1272.
The United States Supreme Court has recognized the fundamental liberty interest parents have in the "care custody and management" of their children. Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The Florida Supreme Court has likewise recognized that decisions relating to child rearing and education are clearly established as fundamental rights within the Fourteenth Amendment of the United States Constitution. *1107 See Beagle, 678 So.2d at 1275; Padgett v. Department of Health & Rehabilitative Servs., 577 So.2d 565, 570 (Fla.1991). These rights may not be intruded upon absent a compelling state interest. Shevin v. Byron, Harless, Schaffer, Reid & Assocs., Inc., 379 So.2d 633, 637 (Fla.1980).
In harmony with the courts that have previously considered the constitutionality of this statute, we conclude that section 752.01(1)(b), Florida Statutes (1997) fails to survive the compelling state interest test required by Beagle and is facially unconstitutional as it impermissibly infringes on privacy rights protected by Article I, section 23 of the Florida Constitution.
We therefore quash the order of the trial court and grant certiorari.
ORDER QUASHED; CERTIORARI GRANTED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] The statute is now renumbered as section 752.01(1)(a), Florida Statutes (2000).
[2] The Florida Supreme Court has declared different provisions of section 752.01 unconstitutional. See Saul v. Brunetti, 753 So.2d 26 (Fla.2000) (declaring unconstitutional section 752.01(1)(d) concerning grandparent visitation where the minor child is born out of wedlock); Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998) (declaring unconstitutional section 752.01(1)(a) concerning grandparent visitation where one or both parents are deceased); Beagle v. Beagle, 678 So.2d 1271 (Fla.1996) (declaring facially unconstitutional section 752.01(1)(e) concerning grandparent visitation with minor child living with both natural parents). Similarly, the United States Supreme Court recently held that a Washington statute granting grandparents the right to petition for visitation rights "whenever visitation may serve the best interest of the child" unconstitutionally infringed on the parents' fundamental right to rear and "make decisions concerning the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, ___, 120 S.Ct. 2054, 2060-61, 147 L.Ed. 49, 57 (2000) (plurality opinion).
[3] The relevant portion of the 1997 statute states:

752.01 Action by grandparent for right of visitation, when petition shall be granted. (1) The court shall, upon petition filed by a grandparent of a minor child, award reasonable rights of visitation to the grandparent with respect to the child when it is in the best interest of the minor child if: (a) One or both parents of the child are deceased; (b) The marriage of the parents of the child has been dissolved; (c) A parent of the child has deserted the child; (d) The minor child was born out of wedlock and not later determined to be a child born within wedlock as provided in s. 742.091; or (e) The minor is living with both natural parents who are still married to each other whether or not there is a broken relationship between either or both parents of the minor child and the grandparents, and either or both parents have used their parental authority to prohibit a relationship between the minor child and the grandparents.