STONE, J.
We affirm the trial court’s dismissal of Smith’s petition for grandparent visitation based on Saul v. Brunetti, 753 So.2d 26 (Fla.2000).
Smith sought grandparent visitation pursuant to section 752.01(l)(d), Florida Statutes (1999),[1] stating that her grandchild had been born out of wedlock. A paternity action between the child’s parents was pending at the time. When the parents reached an agreement and reconciled, a final judgment on paternity was rendered, and the trial court dismissed Smith’s petition.
Saul rendered section 752.01(l)(d) unconstitutional. 753 So.2d at 29. Smith asserts, however, that Spence v. Stewart, 705 So.2d 996 (Fla. 4th DCA 1998), allows section 752.01(l)(d) to be constitutionally applied here. We disagree.
Spence recognized grandparents’ statutory right to seek visitation in dissolution and paternity proceedings. 705 So.2d at 998. This court clarified in Brunetti v. Saul, 724 So.2d 142 (Fla. 4th DCA 1998), aff'd, Saul v. Brunetti, 753 So.2d 26 (Fla.2000), that Spence is grounded on section 61.13.[2] We recognized, however, that where there is no proceeding under chapter 61 and the grandparents’ only source of recourse is section 752.01(1)(d), a grandparent has no right to seek visitation. Brunetti, 724 So.2d at 142-43. See also L.B. v. C.A., 738 So.2d 425 (Fla. 4th DCA 1999)(affirming dismissal of petition for visitation where grandparents relied only on section 752.01(l)(d)). In the instant case, the paternity action was no longer pending; thus, Smith had. only section 752.01(1)(d) on which to rely.
We also reject Smith’s assertion that section 752.01(l)(d) may be constitutionally applied when a child is threatened with harm. Saul declared section 752.01(l)(d) unconstitutional based on the reasoning of Von Eiff v. Azicri, 720 So.2d 510 (Fla. 1998), and Beagle v. Beagle, 678 So.2d 1271 (Fla.1996). Those cases declared other subsections of the statute unconstitutional, recognizing that the statutory provisions failed to require a showing of demonstrable harm to the child as the basis for *1026 awarding visitation rights. See Von Eiff, 720 So.2d at 514; Beagle, 678 So.2d at 1272, 1276. This failure made it impossible for the statute to satisfy the compelling state interest standard. Id. Thus, the statute, as it stands, is unconstitutional.
Accordingly, Smith has no right to seek visitation here.
GUNTHER and SHAHOOD, JJ., concur.

. It should be noted that the current version of the statute lists subsection (d) as subsection (c). See § 752.01(1), Fla.Stat. (2000).

. This statute allows the court to award grandparents visitation rights in a dissolution proceeding if it is in the child’s best interests. See 61.13(2)(b)2.c., Fla.Stat. (2000).