829 So.2d 951 (2002)
Elizabeth SULLIVAN, individually, and as the personal representative of the Estate of Frances Adrienne Sullivan, deceased, Appellant,
v.
Landon Cole SAPP, Appellee.
No. 1D02-450.
District Court of Appeal of Florida, First District.
October 30, 2002.
George T. Reeves of Davis, Schnitker, Reeves & Browning, P.A., Madison, for Appellant.
Harvey E. Baxter, Gainesville, for Appellee.
PER CURIAM.
This is an appeal from a final order dismissing a motion to intervene in a paternity action and for an award of visitation, which was filed by the maternal grandmother of the child involved in the paternity action, pursuant to section 61.13(2)(b)(2)(c), Florida Statutes (2001).[1]
*952 We agree with appellee, Landon Cole Sapp, the child's biological father, that the grandmother's motion was contrary to Florida's right to privacy provision, Article I, Section 23 of the Florida Constitution, and affirm.
After the child's mother filed an action to determine the paternity of her infant child, the court entered an order declaring appellee the child's natural father, and setting reasonable visitation between the father and child. The mother filed a motion for rehearing, seeking amendment of the order as it pertained to the federal income tax deduction provision. While the motion was pending, the mother was killed in an automobile accident, and the grandmother moved to intervene, seeking reasonable visitation with the grandchild under section 61.13(2)(b)(2)(c).
This case is controlled by Richardson v. Richardson, 766 So.2d 1036 (Fla.2000), in which the supreme court held that section 61.13(7), Florida Statutes, violated the natural parent's fundamental right to privacy in raising her child. In opposing the paternal grandparents' motion to intervene in a custody dispute, the mother asserted her privacy rights and argued that section 61.13(7) was unconstitutional, because it conferred standing on the grandparents to request custody based solely on the best interest of the child, without requiring any showing of harm to the child. The supreme court agreed with the mother's arguments, concluding as follows:
The reasoning and logic of ... Von Eiff [v. Azicri, 720 So.2d 510 (Fla.1998) ] and Beagle [v. Beagle, 678 So.2d 1271 (Fla.1996) ] applies with equal, if not more compelling, force here. In effect, section 61.13(7) treats grandparents and natural parents alike by giving grandparents custody rights equal to those of a parent, and allows courts to make [their] custody determination between parents and grandparents based solely on the best interest of the child standard. The grant of such rights to grandparents is unconstitutional under our reasoning in Von Eiff because it also interferes with the natural parent's fundamental right to privacy in rearing one's own child, a right this Court found to exist under article I, section 23 of the Florida Constitution. See Von Eiff. Hence, we find no valid basis to distinguish the custody statute we consider here from the visitation statute we considered in Von Eiff and Beagle, except for the fact the custody statute is even more intrusive upon a parent's rights.
Richardson, 766 So.2d at 1039-40.
In the case at bar, section 61.13(2)(b)(2)(c), like section 61.13(7), purports to give grandparents visitation rights based solely on the best interest of the child. The maternal grandmother's motion failed to state that any detriment would occur to the child if the grandmother was denied visitation, but merely alleged that the grant of visitation would be in the best interest of the child. Based upon the reasoning set forth in Beagle v. Beagle, 678 So.2d 1271 (Fla.1996); Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998); Saul v. Brunetti, 753 So.2d 26 (Fla.2000); and Richardson, we conclude that the statute is facially unconstitutional in that it intrudes on the father's fundamental privacy right to raise his child free from governmental interference. In light of the foregoing supreme court precedent, we conclude that appellant's reliance on Spence v. Stewart, 705 So.2d 996 (Fla. 4th DCA 1998), is misplaced.
AFFIRMED.
ERVIN, BARFIELD and WOLF, JJ., CONCUR.
NOTES
[1] The statute provides in part:

The court may award the grandparents visitation rights with a minor child if is in the child's best interest. Grandparents have legal standing to seek judicial enforcement of such an award. This section does not require that grandparents be made parties or given notice of dissolution pleadings or proceedings....