843 So.2d 290 (2003)
Shirley DAVIS and James H. Davis, Appellant/Cross-Appellee,
v.
Patricia K. WEINBAUM, etc., et al., Appellee/Cross-Appellant.
No. 5D01-1604.
District Court of Appeal of Florida, Fifth District.
February 21, 2003.
Rehearing Denied April 25, 2003.
*291 Elizabeth Siano Harris, of Stadler & Harris, P.A., Titusville, for Appellant/Cross-Appellee.
Walter T. Rose, Jr., of Rose & Weller, P.A., Cocoa Beach, for Appellee/Cross-Appellant.
THOMPSON, C.J.
Shirley Davis and James H. Davis ("the grandparents") appeal an order modifying a custody determination, and Patricia Weinbaum ("the mother") cross-appeals an order of visitation. We affirm the order on appeal, and reverse the order on cross-appeal.
The Davises are the paternal grandparents of the child in issue, and Weinbaum is the child's mother. When the mother and father were divorced in July 1995, they were awarded shared parental responsibility, and the mother was designated primary residential parent. A year later, pursuant to a stipulation between the parents and grandparents, the court gave custody of the child, who was three and one half years old, to the grandparents. The stipulation provided that the mother could not "provide at this time" a safe and stable home. It further provided that the father was not prepared "at this time" to request primary residential responsibility.
In July 1997, a year after the custody change, the mother moved to modify custody, alleging a change of circumstances in that she had re-established the ability to provide a secure and stable environment for the child, that the grandparents had been frustrating the mother's visitation, that it was in the best interest of the child that custody be modified, and that the mother was fit to have custody. The petition alleged without elaboration that the father was unfit due to his lifestyle and his having repeatedly exposed the child to that lifestyle. The predecessor judge denied the motion on the ground that although there had been a change in the mother's circumstances, it was in the best interest of the child to remain with the grandparents. The court ruled that the grandparents had standing under section 61.13(7), Florida Statutes, providing that under certain circumstances in a dissolution proceeding, a grandparent may be awarded custody. The mother did not appeal this order. Subsequently, in Richardson v. Richardson, 766 So.2d 1036 (Fla.2000), the *292 supreme court declared that subsection 61.13(7) was unconstitutional.
In June 2000, the mother filed the petition that resulted in the order on appeal. She alleged that the grandparents' custody had been intended to be temporary, as acknowledged by the grandparents' counsel at a prior hearing. The mother further alleged that her circumstances had changed and detailed the changes for the better. By the time of the hearing on this petition, Richardson had been issued. Pursuant to Richardson, the trial court ruled that section 61.13(7) was unconstitutional, and that the mother had a constitutional right to raise her child as she saw fit. The court further ruled that the statute did not create substantive rights in the grandparents.
The court found that the grandparents' actions were motivated by their love for the child and that they had "stepped up to the plate" when someone needed to. However, the court ruled that, in the absence of detriment to the child, the grandparents' rights were subordinate to those of the mother. The court ruled that the standard to be applied in deciding the mother's motion to modify custody was whether the mother was unfit, and whether an award of custody to the mother would be detrimental to the child. The court found that the mother was fit, and that an award of custody to her would not be detrimental to the child. The court also found even if the standard was a change of circumstances and the best interest of the child, the mother had made the requisite showing. The court transferred custody to the mother, but ordered that the grandparents would have visitations if the father, then facing a life-threatening illness along with the possibility of a prison sentence, was unable to exercise his visitation.
On appeal, the grandparents contend that the court erred in ruling that the custody issue involved a determination of whether the mother was a fit parent, and whether a transfer of custody to the mother would be detrimental to the child. The grandparents contend that the correct determinations are whether there was a substantial change of circumstances and whether a change of custody would be in the best interest of the child. In addition, they claim that the evidence did not support the trial court's finding that a transfer of custody to the mother would not be detrimental to the child.
A number of statutory provisions for grandparents' rights have been held unconstitutional because they intrude on a parent's right to privacy without a showing of a compelling interest in preventing demonstrable harm to the child. See Richardson, 766 So.2d 1036 (section 61.13(7), authorizing custody for grandparents with whom child is residing in stable relationship); Saul v. Brunetti, 753 So.2d 26 (Fla. 2000) (former section 752.01(1)(d), authorizing grandparent visitation where the minor child is born out of wedlock); Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998) (former section 752.01(1)(a) authorizing grandparent visitation where one or both parents are deceased); Beagle v. Beagle, 678 So.2d 1271 (Fla.1996) (former section 752.01(1)(e), authorizing grandparent visitation where parents use their authority to prohibit a relationship between the minor child and the grandparents); Sullivan v. Sapp, 829 So.2d 951 (Fla. 1st DCA 2002) (section 61.13(2)(b)(2)(c), authorizing grandparent visitation if it is in the best interest of the child); Belair v. Drew, 776 So.2d 1105 (Fla. 5th DCA 2001) (former section 752.01(1)(b), authorizing grandparent visitation when the marriage of the child's parents has been dissolved).
In ruling that section 61.13(7) was unconstitutional, the Richardson court stated: *293 Under our prior holdings, including Von Eiff and Beagle, it is apparent that section 61.13(7) unconstitutionally violates a natural parent's fundamental right to raise his or her child absent a compelling state justification. In Von Eiff and Beagle the statute in question was limited to visitation rights to grandparents, while section 61.13(7) grants custody rights. In Von Eiff, we explained that Florida's Constitution guarantees a right to privacy and that such right includes a parent's fundamental right to rear his or her child free from governmental intrusion and control. See 720 So.2d at 513. We further explained that "the state can satisfy the compelling state interest standard [only] when it acts to prevent demonstrable harm to a child." Id. at 515 (quoting Beagle, 678 So.2d at 1276). Accordingly, we held that a trial court may not intrude upon the parent-child relationship by awarding visitation rights to a grandparent without evidence of a demonstrable harm to the child. Id.; see also Beagle, 678 So.2d at 1276.
Id. at 1038-39 (footnotes omitted).
Richardson continued:
This conclusion is also, of course, consistent with this Court's longstanding view of custody disputes between natural parents and third parties, including grandparents. As we declared in In re Guardianship of D.A. McW:
When a custody dispute is between two parents, where both are fit and have equal rights to custody, the test involves only the determination of the best interests of the child. When the custody dispute is between a natural parent and a third party, however, the test must include consideration of the right of a natural parent "to enjoy the custody, fellowship and companionship of his offspring.... This is a rule older than the common law itself." State ex rel. Sparks v. Reeves, 97 So.2d 18, 20 (Fla.1957). In Reeves we held that in such a circumstance [sic], custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child. We explained what would constitute detriment to the child and approved a temporary grant of custody to the grandparents because of the father's temporary inability to care for the children after the mother's death. We cautioned, however, that the father would be entitled to custody once his ability to care for the children was established. Id. at 20-21.
460 So.2d 368, 369-70 (Fla.1984). Although D.A. McW. was not decided on constitutional principles, we reaffirmed there our longstanding view that the natural parent had a clear preference to custody over all others based upon the status of parenthood. Id. at 370.
Id. at 1039.
The grandparents argue that Richardson does not apply in the instant case because their rights accrue not from section 61.13(7), but from the trial court's order giving them custody. Richardson was a modification proceeding, as is the instant case, but Richardson involved an initial attempt by the grandparents to take custody from the parent. In the instant case the grandparents had custody pursuant to a prior court order, and they claim that they are thus "custodial parents." We cannot agree that the difference between the instant case and Richardson is dispositive, nor can we agree that, in the absence of an adoption order, the grandparents are "custodial parents." Although Richardson is distinguished from the instant case, Richardson reaffirmed Reeves and D.A. McW. in which the supreme court stated that custody should be denied *294 to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child. Richardson, 766 So.2d at 1039.
In Reeves, the grandparent had custody pursuant to a court order, and, on the parent's application for the return of custody, the court held that the father would be entitled to custody once his ability to care for the children was established. We thus conclude that the trial court correctly ruled that the relevant issues to be decided were whether the mother was a fit parent, and whether a transfer of custody to the mother would be detrimental to the child. We further conclude that the evidence supported the court's finding that a transfer to the mother would not be detrimental to the child. The court was not required to accept the testimony of the grandparents' expert. See Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). Accordingly, the order on appeal is affirmed.
The mother argues on cross-appeal that the order giving the grandparents visitation in the event the father is unable to exercise his visitation violates her constitutional right to privacy. For the reasons stated above with respect to the custody issue, we agree and reverse the order granting the grandparents visitation rights.
AFFIRMED in Part, REVERSED in Part.
SHARP, W., and PALMER, JJ., concur.