PER CURIAM.
We have for consideration the biennial report of proposed rule changes filed by the Family Law Rules Committee of the Florida Bar (the Committee), in accordance with Florida Rule of Judicial Administration 2.130(c). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee proposes amendments to rule 12.285, Mandatory Disclosure, and form 12.932, Certificate of Compliance with Mandatory Disclosure. Prior to submission to the Court, the proposals were submitted to the Board of Governors of The Florida Bar and published for comments. No comments were received by the Committee. After unanimous approval by the Board, the proposals as presented to the Court were published for comment. Again, no comments were filed.
Upon consideration, we adopt the amendments. First, rule 12.285(i) is amended to require that a party making a mandatory disclosure swear or affirm under oath that the disclosure is complete, accurate, and in compliance with the requirements of the rule, unless the party specifically indicates otherwise in the eer-tificate of compliance. Second, form 12.932 is amended to reflect the changes to rule 12.285(i). A paragraph has been added to the form above the signature block stating that the party is swearing or affirming under oath to the accuracy of his or her compliance with mandatory disclosure, that the disclosure is complete, unless specifically indicated otherwise, and that the party is aware that the punishment for making a false statement includes fines or imprisonment. A notary block also has been added.
In addition to the amendments proposed by'the Committee as discussed above, the Court, on its own motion, deletes Florida Supreme Court Approved Family Law Form 12.984, Petition for Grandparent Visitation. This form was created for use in proceedings initiated pursuant to chapter 752, Florida Statutes (2004). We have previously held various provisions of chapter 752 unconstitutional on the grounds that the statute does not require a demonstration of harm to the child prior to the award of grandparental visitation rights. See, e.g., Saul v. Brunetti, 753 So.2d 26 (Fla.2000); Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998); Beagle v. Beagle, 678 So.2d 1271 (Fla.1996); see also Sullivan v. Sapp, 866 So.2d 28, 35-38 (Fla.2004) (discussing this Court’s case law regarding chapter 752 as well as section 61.13, Florida Statutes (2001)). Thus, the form is obsolete and is hereby deleted.
Accordingly, Florida Family Law Rule 12.285(i) is amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The Committee notes are offered for explanation only and are not adopted as an official part of the rules. Florida Family Law Form 12.932 is adopted as set forth in the appendix to this opinion, fully engrossed. Florida Supreme Court Approved Family Law Form 12.984 is deleted in its entirety. *546 These amendments shall become effective January 1, 2006, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 12.285. MANDATORY DISCLOSURE
(a) Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for domestic, repeat, dating, or sexual violence, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys’ fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits and child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.
(2) Original and Duplicate Copies. Unless otherwise agreed by the parties or ordered by the court, copies of documents required under this rule may be produced in lieu of originals. Originals, when available, shall be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.
(b) Time for Production of Documents.
(1) Temporary Financial Healings. Any document required under this rule in any temporary financial relief proceeding shall. be served on the other party for inspection and copying as follows.
(A) The party seeking relief shall serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) of this rule.
(B) The responding' party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision, (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) Initial and Supplemental Proceedings. Any document required under this rule for any initial or supplemental proceeding shall be served on the other party for inspection and copying within 45 days of .service of the initial pleading on the respondent.
(c)Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
(1) A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party’s *547 gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party’s gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. The affidavit must also be filed with the court.
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past year. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506-T in lieu of his or her individual federal income tax return for purposes of a temporary hearing.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(d) Parties’ Disclosure Requirements for Initial or Supplemental Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys’ fees, suit money, or costs:
(1)A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party’s gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party’s gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties. The financial affidavits must also be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form 12.902(c).
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past 3 years.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(5) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(6) All loan applications and financial statements prepared or used within the 12 months preceding service of that party’s financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(7) All deeds within the last 3 years, all promissory notes within the last 12 months, and all present leases, in which the party owns or owned an interest, whether held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(8) All periodic statements from the last 3 months for all checking accounts, and from the last 12 months for all other accounts (for example, savings accounts, money market funds, certificates ,of deposit, etc.), regardless of whether or not the account has been closed, including those held in the party’s name individually, in the party’s name jointly with any other *548 person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(9) All brokerage account statements in which either party to this action held within the last 12 months or holds an interest including those held in the party’s name individually, in the party’s name jointly with any person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(10) The most recent statement for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401 (k), 403(b), SEP, KEOGH, or other similar account) in which the party is á participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)
■ (11) The declarations page, the last periodic statement, and the certificate for all life insurance policies insuring the party’s life or the life of the party’s spouse, whether group insurance or otherwise, and all current health and dental insurance cards covering either of the parties and/or their dependent children.
(12) Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.
(13) All promissory notes for the last 12 months, all credit card and charge account statements and other records showing the party’s indebtedness as of the date of the filing of this action and for the last 3 months, and all present lease agreements, whether owed in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(14) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage. Additionally, in any modification proceeding, each party shall serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.
(15) All documents and tangible evidence supporting the producing party’s claim of special equity or nonmarital status of an asset or debt for the time period from the date of acquisition of the asset or debt to the date of production or from the date of marriage, if based on premarital acquisition.
(16) Any court orders directing a party to pay or receive spousal or child support.
(e) Duty to Supplement Disclosure; Amended Financial Affidavit.
(1) Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.
. (2) If an amended financial affidavit or an amendment to a financial affidavit is filed, the amending party shall also serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit.
(f) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court’s pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In *549 addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances. The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
(g) Extensions of Time for Complying with Mandatory Disclosure. By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party may also file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court shall grant the request for good cause shown.
(h) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court shall impose sanctions for the filing of meritless or frivolous objections.
(i) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance, Florida Family Law Rules of Procedure Form 12.932, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party. The party shall swear or affirm under oath that the disclosure is complete, accurate, and in compliance with this rule, unless the party indicates otherwise, with specificity; in the certificate of compliance. Except for the financial affidavit and child support guidelines worksheet, no documents produced under this rule shall be filed in the court file without a .court order.
(j) Child Support Guidelines Worksheet. If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties.
(k) Place of Production.
(1) Unless otherwise agreed by the parties or ordered by the court, all production required by this rule shall take place in the county where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production shall take place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.
(2) If venue is contested, on motion by a party the court shall designate the place where production will occur pending determination of the venue issue.
(l) Failure of Defaulted Party to Comply. Nothing in this rule shall be deemed to preclude the entry of a final judgment when a party in default has failed to comply with this rule.
Commentary
1995 Adoption. This rule creates a procedure for automatic financial disclosure in family law cases. By requiring production at an early stage in the proceedings, it is hoped that the expense of litigation will be minimized. See Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. *550 Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been placed upon parties making and spending less than $50,000 annually unless otherwise ordered by the court. In cases where the income or expenses of a party are equal to or exceed $50,000 annually, the requirements are much greater. Except for the provisions as to financial affidavits, other than as set forth in subdivision (k), any portion of this rule may be modified by agreement of the parties or by order of the court. For instance, upon the request of any party or on the court’s own motion, the court may order that the parties to the proceeding comply with some or all of the automatic mandatory disclosure provisions of this rule even though the parties do not meet the income requirements set forth in subdivision (d). Additionally, the court may, on the motion of a party or on its own motion, limit the disclosure requirements in this rule should it find good cause for doing so.
Committee Notes
1997 Amendment. Except for the form of financial affidavit used, mandatory disclosure is made the same for all parties subject to the rule, regardless of income. The amount of information required to be disclosed is increased for parties in the under-$50,000 category and decreased for parties in the $50,000-or-over category. The standard family law interrogatories are no longer mandatory, and their answers are designed to be supplemental and not duplicative of information contained in the financial affidavits.
1998 Amendment. If one party has not provided necessary financial information for the other party to complete a child support guidelines worksheet, a good faith estimate should be made.
2005 Amendment. The requirement that a party certify compliance with mandatory disclosure is intended to facilitate full disclosure and prevent a party from alleging that he or she did not know he or she had to provide documents required by this rule. This certification does not relieve the party of the duty to supplement disclosure.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. Of the documents listed on this form, the financial affidavit and child support guidelines worksheet are the only documents that must be filed with the court and sent to the other party; all other documents should be sent to the other party but not filed with the court. If your individual gross annual income is under *551 $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary relief on or before 5:00 p.m., 2 business days before the hearing on temporary relief, or mail (postmark) them to the other party seeking temporary relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you, should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.
What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status.or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
■You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on- individual. gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified . by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents- required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Family Law Rules of- Procedure Form *552 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (01/06)
[[Image here]]
CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
I, {full legal name}_, certify that I have complied with the mandatory disclosure required by Florida Family Law Rule 12.285 as follows;
1. FOR TEMPORARY FINANCIAL RELIEF, ONLY:
The date the following documents were served:_[/ all that apply]
_a. Financial Affidavit (Filing of a’Financial Affidavit cannot be waived.)
( ) Florida Family Law Rules of Procedure Form 12.902(b) (short form)
( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form).
_b. ( ) All personal (1040) federal tax, gift tax, and intangible personal property tax returns for the preceding year; or
( ) Transcript of tax return as provided by IRS form 4506-T; or
.( ) IRS forms W-2,1099, and K-l for the past year because the income tax return for the past year has not been prepared.
__c. Pay stubs or other evidence of earned income for the 3 months before the service of the financial affidavit.
' 2. FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL RELIEF:
The date the following documents were served:_[/ all that apply] .
_ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
( ) Florida Family Law Rules of Procedure Form 12.902(b) (short form)
( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form)
_b. ■ ( ) All personal (1040) federal and state tax income returns, gift tax returns, and intangible personal property tax returns for the preceding 3 years;
( ) RS forms W-2,1099, and K-l for the past year because the income tax ■ return for the past year has not been prepared.
. _ e. Pay stubs or- other evidence of earned income for the 3 months before the service of the financial affidavit.
_ d. A statement identifying the source and amount of all income for the 3 months before the service of the financial affidavit, if not reflected on the pay stubs produced.
*553 _ e. All loan applications and financial statements prepared for any purpose or used for any purpose within the 12 months preceding the service of the financial affidavit.
_f. All deeds to real estate in which I presently own or owned an interest within the past 3 years. All promissory notes in which I presently own or owned an interest within the last 12 months. All present leases in which I own an interest.
_g. All periodic statements for the last 3 months for all checking accounts and for the last year for all savings accounts, money market funds, certificates of deposit, etc.
__ h. All brokerage account statements for the last 12 months.
__ i. Most recent statement for any pension, profit sharing, deferred compensation, or retirement plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for any such plan in which I am a participant or alternate payee.
_j. The declaration page, the last periodic statement, and the certificate for any group insurance for all life insurance policies insuring my life or the life of me or my spouse.
_k. All health and dental insurance cards covering either me or my spouse and/or our dependent child(ren).
_1. Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an ownership or interest greater than or equal to 30%.
_m. All credit card and charge account statements and other records showing my (our) indebtedness as of the date of the filing of this action and for the prior 3 months. All promissory notes on which I presently owe or owned within the past year. All lease agreements I presently owe.
_n. All premarital and marital agreements between the parties to this case.
_o. fa modification proceeding, all written agreements entered into between the parties at any time since the order to be modified was entered.
_ p. All documents and tangible evidence relating to claims for special equity or nonmarital status of an asset or debt.
_ q. Any court order directing that I pay or receive spousal support (alimony) or child support.
I certify that a copy of this document was [/ one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} .
I understand that I am swearing or affirming under oath to the accuracy of my compliance with the mandatory disclosure requirements of Fla. Fam. L. R. P. 12.285 and that, unless otherwise indicated with specificity, this disclosure is complete. I further understand that the punishment for knowingly making a false statement or incomplete disclosure includes fines and/or imprisonment.
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number:
Fax Number: _
*554 [[Image here]]