942 So.2d 944 (2006)
William REINER and Laura Reiner, Appellants,
v.
Curtis Wayne WRIGHT and Deena Lynn Wright, Appellees.
No. 5D06-1084.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
Gary E. Shader, Maitland, for Appellants.
Samuel R. Filler, Longwood, for Appellees.
*945 PLEUS, C.J.
William and Laura Reiner ("Reiners") appeal a final judgment awarding custody of Ke.W., a child, to his natural father, Curtis Wright. The Reiners are the child's maternal aunt and uncle and had custody of the child for nine years pursuant to a final judgment of dissolution between the mother and father. After the father was released from prison, he petitioned for custody. Without conducting an evidentiary hearing, the trial court awarded custody to the father on the ground that the father had an "absolute right to the child." We reverse and remand for an evidentiary hearing to determine (1) whether the father is a fit parent; and (2) whether a transfer of custody to the father would be detrimental to the child.
The mother and father were married in 1993 and had two children ("Ke.W." and "Ky.W."). This appeal involves the custody of the younger child, Ke.W., born in April 1996. In October 1996, the child began residing with his maternal aunt and uncle, the Reiners. The Reiners petitioned the court for temporary custody based on the parents' consent. The father's consent, dated in October 1997, stated in relevant part:
That I agree that it is in the best interest of the child to remain with the Petitioners for a period of time not to exceed (42) calendar months. With the ability to terminate the Petition upon completion of my obligation to the State of Florida, and at which point I can provide a stable environment for the child.
In November 1997, the father was sentenced to three years in prison for robbery. In February 1998, the court granted the Reiners temporary custody of the child pursuant to the parents' consent.
In August 1999, the mother filed a petition for dissolution of marriage. In June, 2000, the court entered a final judgment of dissolution of marriage. As to custody of Ke.W., the final judgment stated:
Because shared parental responsibility would be detrimental to the children, the Wife shall have sole parental responsibility and custody of [Ky.W.] and William and Laura Reiner, the maternal aunt and uncle, shall have sole parental responsibility of [Ke.W.] pursuant to the Order Granting Temporary Custody of Minor to Extended Family members, dated February 13, 1998, in case number 97-2897-DR-05-E.
The court also ordered that "within 30 days of the Husband's release from [prison], a hearing shall be scheduled to determine the access and contact schedule for the minor children and the Husband [sic] is in the minor children's best interest." The husband did not appeal this judgment.
After being released from prison, the father filed a motion for visitation. In 2002, the parties stipulated that the father could have supervised, and later, unsupervised visitation. The father then filed a petition for custody. In May 2005, the court entered an Order Determining Legal Standard for Trial on Custody Issue. The court ruled that the legal standard for trial on the custody issue would be (1) whether the father is a fit parent and (2) whether a transfer of custody to the father would be detrimental to the child.
On the day of trial, however, the trial court stated that the Reiners had "absolutely no rights at all unless it is granted through the Dependency Court." Regarding the need for an evidentiary hearing, the father's attorney argued, "My client should not be punished to prove that he is fit at this point in time in a lawsuit that hasn't even been filed yet." When the Reiners' attorney asked to respond, the trial court stated, "No. I will find that the father is the parent of the child, at least *946 the one that's not incarcerated and that irrespective of his background, he has absolute right to the child. . . ."
The Reiners filed a motion for rehearing in which they objected to not having an evidentiary hearing and to the trial court's applying the wrong legal standard in making its decision. The court denied this motion.
On appeal, the Reiners argue that the standard should have been whether there had been a substantial change in circumstances and whether the change was in the child's best interest, not whether the father was a fit parent and whether the change in custody would be detrimental to the child.
In Richardson v. Richardson, 766 So.2d 1036 (Fla.2000), the Florida Supreme Court reaffirmed its longstanding adherence to the rule of parental preference. Quoting from an earlier case, the court stated:
When a custody dispute is between two parents, where both are fit and have equal rights to custody, the test involves only the determination of the best interests of the child. When the custody dispute is between a natural parent and a third party, however, the test must include consideration of the right of a natural parent "to enjoy the custody, fellowship and companionship of his offspring. . . . This is a rule older than the common law itself." State ex rel. Sparks v. Reeves, 97 So.2d 18, 20 (Fla.1957). In Reeves we held that in such a circumstnace [sic], custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child. We explained what would constitute detriment to the child and approved a temporary grant of custody to the grandparents because of the father's temporary inability to care for the children after the mother's death. We cautioned, however, that the father would be entitled to custody once his ability to care for the children was established. Id. at 20-21.
Richardson, 766 So.2d at 1039 (quoting In re Guardianship of D.A. McW., 460 So.2d 368 (Fla.1984)).
In Davis v. Weinbaum, 843 So.2d 290 (Fla. 5th DCA 2003), the paternal grandparents appealed a modification order awarding custody to the natural mother. Similar to the Reiners' argument in the instant case, the grandparents in Davis argued that the trial court had erroneously applied the standard set forth in Richardson because their custody did not emanate from section 61.13(7), which Richardson held unconstitutional, but from a prior custody order. The grandparents argued that they were "custodial parents" by virtue of the prior custody order. This Court rejected the grandparents' argument and followed Richardson, holding the trial court had applied the correct legal standard, to wit: whether the mother was a fit parent and whether a transfer of custody would be detrimental to the child. Davis, 843 So.2d at 294. See also Ward v. Ward, 874 So.2d 634 (Fla. 3d DCA 2004) (noting that Richardson standard, not substantial change in circumstance/best interest standard, is to be applied in proceeding to modify custody between natural parent and third party).
Accordingly, the Reiners' argument that the lower court should have applied the substantial change in circumstance/best interest standard is not correct. However, the standard applied by the lower court was not correct either. Although the court had previously entered an order stating that it intended to apply the Richardson standard, it did not apply it. Instead, at trial, the court found that the father had an "absolute right to the *947 child" and that the Reiners had "absolutely no rights at all." Pursuant to these findings, the court awarded the father custody.
The record demonstrates that the trial court failed to conduct an evidentiary hearing before changing custody. The court should have conducted an evidentiary hearing in which the father had the burden to demonstrate that he was a fit parent and that changing custody from the Reiners to him was not detrimental to the child. Richardson; Ward. Detriment is something more than the normal trauma of uprooting a child from familiar surroundings. It is mental, physical or emotion harm of a lasting nature, transcending the normal adjustment period associated with such custody changes. Ward, 874 So.2d at 638.
Further, the Reiners had standing to present evidence on these issues. See Sinclair v. Sinclair, 804 So.2d 589, 592 (Fla. 2d DCA 2002) (holding that grandparents had standing to intervene in custody dispute because they had actual physical custody of child for many years).
Accordingly, we reverse and remand for a hearing to allow all parties to present evidence on this issues of whether the father is a fit parent and whether a change (or now, a continuation) in custody with the father would be detrimental to the child. The father should maintain custody of the child pending the outcome of such a hearing.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.