EVANDER, J.
Joyce and Steven Hinz appeal from an order denying their petition for primary residential custody of their grandson. The child’s mother was alleged to have consented to the Hinzes’ request and the child’s father was alleged to be unknown. The trial court denied the petition, finding that it could not grant permanent residential custody to the Hinzes “absent findings made pursuant to Chapter 39, Florida Statutes, or an adoption order entered pursuant to Chapter 63.” We reverse.
Trial courts have inherent jurisdiction to determine issues of custody. Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000); see also Cone v. Cone, 62 So.2d 907 (Fla.1953), implied overruling other grounds, Richardson. That jurisdiction is not dependent on the case having originated under a particular statute. Waters v. Waters, 578 So.2d 874 (Fla. 2d DCA 1991); see also Padgett v. Pettis, 445 So.2d *276 633 (Fla. 1st DCA 1984); Golstein v. Golstein, 442 So.2d 330 (Fla. 4th DCA 1983). The Hinzes were not obligated to seek relief pursuant to chapter 39 because they were not alleging that their grandson was dependent, nor were the Hinzes required to seek an adoption order to obtain primary residential custody of the child.
In denying the Hinzes’ petition, the trial court relied upon the following language from Richardson:
[E]ven though a court determines that the grandparent has standing ... to seek custody, the court may still not intervene in a parent-child relationship or determine whether custody with a grandparent is in the best interest of the child, unless it has been established that the parent abandoned the child, that the parent is unfit or that harm would result to the child if the parent were to be awarded custody.
Richardson, 766 So.2d at 1040.
In Richardson, the Florida Supreme Court found section 61.13(7), Florida Statutes (1999), to be unconstitutional. That statute purported to place a grandparent with whom a child was actually residing in a stable relationship on equal footing with a parent for purposes of evaluating the child’s custody arrangements. The Court found that the statute impermissibly infringed on a natural parent’s fundamental right to raise his or her child. Id. at 1038-39. Richardson is readily distinguishable because it involved a disputed custody proceeding. Here, the Hinzes have alleged that the child’s only known parent consented to placement of the child with the grandparents. If true, there would be no infringement on the parent’s aforesaid fundamental right because the court would not be acting contrary to the parent’s wishes. See, e.g., Waters.
The trial court also relied upon language from Davis v. Weinbaum, 843 So.2d 290, 293 (Fla. 5th DCA 2003), in which we stated that in the absence of an adoption order, grandparents cannot be considered “custodial parents.” There is no conflict between Davis and our decision today. Should the trial court grant the petition, the- Hinzes would not become “custodial parents.” They would have primary residential custody of the child while remaining his legal grandparents.
REVERSED and REMANDED.
MONACO, C.J. and COHEN, J., concur.